UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 08-50062-01-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| CURT ROMANYSHYN, | ) | |
| a/k/a Constantine Romanyshyn, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant Curt Romanyshyn moves this court to dismiss the indictment because his rights under the federal speedy trial act were violated. The United States opposes the motion. The motion is denied.

**PROCEDURAL HISTORY**

On June 24, 2008, defendants Curt Romanyshyn, Shaun Michael Huckaby, and Justin James Bickle were indicted by a federal grand jury. Romanyshyn was arrested in North Dakota. He had his initial appearance and arraignment before a federal magistrate in South Dakota on July 18, 2008. Bickle had his initial appearance on July 22, 2008. The court entered a standing order scheduling a trial date of September 23, 2009.

On August 18, 2008, Huckaby was arrested and he had an initial appearance on August 20, 2008. On August 21, 2008, Bickle moved for a continuance. On August 22, 2008, in light of Huckaby's arrest and initial

appearance just one day earlier, the court granted the motion for continuance and scheduled a new trial date of October 28, 2008.

After all three defendants were arrested, various motions were filed by the three defendants. A description of each motion that was filed after Huckaby's arrest and the date of the court's ruling on each motion follows:

| Docket | Date of Motion | Description | Date of Court's Ruling |
|---|---|---|---|
| 34 | 8/21/2008 | MOTION for Continuance pursuant to 18:3161 by Justin James Bickle | 08/22/2008 |
| 40 | 8/21/2008 | MOTION (Stipulation) to Substitute Attorney by Justin James Bickle | 08/28/2008 |
| 49 | 09/08/2008 | Second MOTION for Continuance pursuant to 18:3161 by Justin James Bickle | 09/16/2008 |
| 51 | 09/09/2008 | First MOTION for Reconsideration of Pretrial Release by Shaun Michael Huckaby | 09/18/2008 |
| 52 | 09/12/2008 | MOTION for Continuance pursuant to 18:3161 and CONSENT signed by Shaun Michael Huckaby. | 09/16/2008 |
| 57 | 09/23/2008 | MOTION to Withdraw as Attorney for Defendant Huckaby by George E. Grassby. by Shaun Michael Huckaby. | 09/23/2008 |
| 63 | 11/17/2008 | MOTION to Suppress Search by Justin James Bickle | 12/26/2008 |
| 65 | 11/17/2008 | MOTION to Suppress Statements by Justin James Bickle | 12/26/2008 |
| 67 | 11/19/2008 | MOTION to Seal Document by Justin James Bickle in support of 63 Motion to Suppress Search. | 11/21/2008 |
| 68 | 11/19/2008 | MOTION to Seal Document in support 65 Motion to Suppress Statements by Justin James Bickle. | 11/21/2008 |

| 69 | 11/20/2008 | MOTION to Suppress Search by Justin James Bickle | 12/26/2008 |
| --- | --- | --- | --- |
| 73 | 11/24/2008 | MOTION to Extend Time To Respond to Motion to Suppress by USA as to Justin James Bickle. | 11/24/2008 |
| 77 | 11/26/2008 | MOTION IN LIMINE: by Curt Romanyshyn as to Curt Romanyshyn | 12/26/2008 |
| 87 | 01/05/20009 | MOTION for Jury List and Questionnaires by Justin James Bickle | Still pending |
| 88 | 01/05/2009 | MOTION for Continuance pursuant to 18:3161 by Shaun Michael Huckaby | 01/08/2009 |
| 89 | 01/06/2009 | MOTION for Joinder to Defendant Huckaby's Motion to Continue by Justin James Bickle. | 01/08/2009 |
| 90 | 01/06/2009 | MOTION IN LIMINE: REGARDING OTHER ACTS EVIDENCE by Justin James Bickle. | Still pending |
| 91 | 01/06/2009 | MOTION IN LIMINE: REGARDING OTHER ACTS EVIDENCE (MARIJUANA) by Justin James Bickle. | Still pending |
| 92 | 01/06/2009 | MOTION to Dismiss Grounds of Violation of Federal Speedy Trial Act by Curt Romanyshyn. | Still pending |
| 94 | 01/06/2009 | MOTION to Suppress Evidence by Curt Romanyshyn | 03/05/2009 |

**DISCUSSION**

Romanyshyn contends that his trial date of March 31, 2009, is not timely under the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161-3174 (Act), and therefore, his indictment should be dismissed. Section 3161(c)(1) provides:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the

3

commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

The indictment filed against Romanyshyn, however, named him as a defendant with two codefendants. "Pursuant to section 3161(h)(7), the speedy trial clock does not begin to run until the date the last codefendant makes an initial appearance, provided that this period of delay is 'reasonable.' " United States v. Winfrey, 900 F.2d 1225, 1227 (8th Cir. 1990). Here, the period of delay until the third codefendant ( Huckaby) was arrested was only 33 days after Romanyshyn's initial appearance in South Dakota. The court finds 33 days to be reasonable. Thus, Romanyshyn's speedy trial clock began running on August 20, 2008. From August 20, 2008, to the date of the trial, March 31, 2009, is 223 days.

Section 3161(h) of the Act sets forth a list of various periods of delay which are to be excluded when computing the 70-day count. Section 3161(h)(1)(F) excludes any "[p]eriods of delay caused by pretrial motions, whether filed by the defendant, codefendants, or the prosecution[.]" United States v. Shepard, 462 F.3d 847, 863 (8th Cir.2006). In a multi-defendant case, this applies to motions filed by all the defendants. United States v. Fuller, 942 F.2d 454, 457 (8th Cir. 1991), cert. denied, 502 U.S. 914, 112 S. Ct. 315, 116 L. Ed. 2d 257 (1991). All pretrial motions toll the clock even if

4

the motion does not in fact delay trial.  United States v. Titlbach, 339 F.3d 692, 698 (8th Cir. 2003).  As identified in the above chart, 20 pretrial motions were pending for 136 days (excluding overlapping time periods through today).  Subtracting the 136 excludable days from the 223 total pending days leaves a balance of 87 days.

Section 3161(h)(8)(A) excludes time for continuances if the court finds that the "ends of justice" so require.  On September 16, 2008, the court granted an 84-day continuance at the request of both Huckaby and Bickle and specifically found that "the ends of justice" so required. The court found that the period of delay resulting from the continuance was excluded under § 3161(h)(7), which provides for a reasonable period of delay when the defendant is joined with a codefendant as to whom the time for trial has not run.  In addition, the court now finds that the ends of justice were served based on the fact that one of the codefendants requested 60 additional days because counsel was recently retained by defendant, had a conflict with another trial, and needed to review discovery.  The second codefendant requested a 90-day continuance to locate witnesses, to complete the investigations, and to prepare for trial.  This case is complex with three codefendants and a continuance was necessary to assure continuity of counsel.  The court also finds that a continuance of 84 days was reasonable under the circumstances.

On January 8, 2009, the court granted a second continuance for 70 days at the request of Huckaby and Bickle. The court specifically found that "the ends of justice" so required. The court again found that the period of delay resulting from the continuance was excluded under § 3161(h)(7). In addition, the court now finds that the ends of justice were served based on the fact that defendants needed time to review the voluminous discovery materials, locate possible witnesses, and prepare for trial. The court further finds that a 70-day continuance was reasonable.

The exclusions of the 84 days and the 70 days apply to Romanyshyn despite his refusal to join in the motions for continuance. See United States v. Fogarty, 692 F.2d 542, 546 (8th Cir. 1982). Section 3161(h)(7) of the Act specifically addresses the application of exclusions to multiple defendant cases such as this one. Id.

Because some of the excludables from the codefendants' continuance motions overlaps the excludables from pending motions, the court has calculated the net amount for the period when motions were not pending, which is the time period of September 19 to November 17 and from December 26 to January 5. As a result, 69 additional days of excludable time should be deducted from the 87 remaining days leaving a balance of 18 days of non-excludable time that have elapsed between Huckaby's arraignment and the trial date of March 31, 2009. As a result, the

commencement of Romanyshyn's trial on March 31, 2009, was well within the 70-day limit. Therefore, it is hereby

ORDERED that defendant Romanyshyn's motion to dismiss (Docket 92) is denied.

Dated March 19, 2009.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE