UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| UNITED STATES OF AMERICA, | ) | CR. 08-50062-01 and -02 |
|---|---|---|
| Plaintiff, | ) | |
| | ) | ORDER DENYING |
| vs. | ) | DEFENDANTS' MOTION FOR |
| | ) | SEVERANCE |
| CONSTANTINE ROMANYSHYN, | ) | |
| aka CURT ROMANYSHYN, and | ) | |
| KENT HAZELRIGG, | ) | |
| Defendant. | | |

## INTRODUCTION

Defendant Kent Hazelrigg moved this court to sever the trial of his charges from that of his co-defendant, Curt Romanyshyn. See Docket No. 239. Mr. Romanyshyn also filed his own, separate motion to sever, in which he merely joins in Hazelrigg's motion and does not assert any new arguments or authority. See Docket No. 271. After this filing, Mr. Hazelrigg then inexplicably filed a pleading indicating that he also joins Mr. Romanyshyn's motion for severance, even though Mr. Romanyshyn's motion relied entirely on Hazelrigg's earlier motion. See Docket No. 276. The government resists these motions. Both motions were referred for decision to this magistrate judge by the Chief District Court Judge, the Honorable Karen E. Schreier pursuant to 28 U.S.C. § 636(b)(1)(A). See Docket No. 265.

**FACTS**

Mr. Hazelrigg is charged in a superseding indictment[1] filed with the court on May 19, 2009, with the crimes of conspiracy to distribute 500 grams or more of methamphetamine and possession of 50 grams or more of methamphetamine with the intent to distribute. See Docket No. 165, Counts I and II. Mr. Romanyshyn is charged in the same document with the same crimes. See id., Counts I and III. The methamphetamine conspiracy count is alleged to have been joined by Mr. Hazelrigg, Mr. Romanyshyn, as well as other unnamed co-conspirators. The conspiracy is alleged to have taken place in the District of South Dakota and elsewhere.

The time frames alleged in the indictment for the conspiracy count are from August, 2007, through April, 2008. Both possession with intent to distribute counts are alleged to have taken place in February, 2008, in Rapid City, South Dakota.

Both defendants now seek separate trials from each other on these drug conspiracy charges. The court denies those motions for the reasons discussed below.

---

[1]Mr. Hazelrigg was originally charged with these same crimes involving methamphetamine in an indictment in which only he was named as a defendant in criminal case 08-50047. He was then subsequently charged jointly with Mr. Romanyshyn in the superseding indictment in this case and his former case was administratively closed.

**DISCUSSION**

Mr. Hazelrigg argues that joinder of his case with that of Mr. Romanyshyn's is Rule 14 of the Federal Rules of Criminal Procedure. However, it is unclear whether he also urges that joinder is improper under Fed. R. Crim. P. 8(b). For the sake of completeness, each of these arguments is addressed in turn.

**A.      Joinder of These Defendants is Proper Under Rule 8(b)**

Federal Rule of Criminal Procedure 8(b) provides as follows:

> **Joinder of Defendants.**  The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses.  The defendants may be charged in one or more counts together or separately.  All defendants need not be charged in each count.

See Fed. R. Crim. P. 8(b).  The court has no discretion to deny severance of defendants who are not properly joined under Rule 8(b).  See United States v. Bledsoe, 674 F.2d 647, 654 (8th Cir.), cert. denied sub nom, 459 U.S. 1040 (1982).  Misjoinder of defendants under Rule 8(b) is inherently prejudicial.  Id. (citing United States v. Sanders, 563 F.2d 379, 382 (8th Cir. 1977), cert. denied, 434 U.S. 1020 (1978);  Haggard v. United States, 369 F.2d 968, 972-973 (8th Cir. 1966), cert. denied, 386 U.S. 1023 (1967); United States v. Marionneaux, 514 F.2d 1244, 1248 (5th Cir. 1975); 8 Moore's Federal Practice ¶ 8.04(2), at 14 (2d ed. 1981)).  The propriety of joinder under Rule 8(b) must appear on the face of the indictment.  Bledsoe, 674 F.2d at 655; Sanders, 563 F.2d at 382.

The prerequisites for joinder of defendants under Rule 8(b) are to be liberally construed in favor of the defendant. Bledsoe, 674 F.2d at 655.

The court concludes that Mr. Romanyshyn and Mr. Hazelrigg are properly joined under Rule 8(b). Indeed, the propriety of joinder of these defendants under Rule 8(b) seems beyond question. "Rule 8(b) requires that there be some common activity involving all of the defendants which embraces all the charged offenses even though every defendant need not have participated in or be charged with each offense." Bledsoe, 674 F.2d at 656. "In order to be part of the 'same series of acts or transactions,' acts must be part of one overall scheme about which all joined defendants knew and in which they all participated." Id. (citing United States v. McKuin, 434 F.2d 391, 395-396 (8th Cir. 1970), cert. denied, 401 U.S. 911 (1971)).

"Although a conspiracy count is not always essential for joinder of counts which do not all include every joined defendant, in the absence of such an allegation, other facts must be alleged which at least suggest the existence of an overall scheme encompassing all the defendants and all the charged offenses." Bledsoe, 674 F.2d at 656-657. Thus, the court rejects the argument that joinder is improper under Rule 8(b). Both Mr. Hazelrigg and Mr. Romanyshyn are alleged to have participated in the same exact drug conspiracy. Both, in separate counts, are alleged to have distributed

4

methamphetamine in Rapid City, South Dakota, in February, 2008. These allegations are sufficient to satisfy Rule 8(b).

**B.    Severance is Not Warranted Under Rule 14**

Both defendants also argue that their trials should be severed from each other on the basis of Fed. R. Crim. P. 14. Once it is determined that defendants are properly joined under Rule 8(b), "[t]he presumption against severing properly joined cases is strong." United States v. Ruiz, 412 F.3d 871, 886 (8th Cir. 2005). "Under Fed. R. Crim. P. 14(a), the issue of severance is entrusted to the sound discretion of the trial judge." United States v. Hively, 437 F.3d 752, 765 (8th Cir. 2006) (internal quotation omitted).

Even if joinder of two or more defendants is proper under Rule 8(b), the court may sever the defendants' trials under Fed. R. Crim. P. 14 if joinder of the defendants appears to prejudice a defendant or the government. United States v. Davis, 534 F.3d 903, 916 (8th Cir. 2008). The fact that a defendant is alleged to have played a small role in the overall scheme or conspiracy is not dispositive of whether severance should be granted. United States v. Anthony, 565 F.2d 533, 538 (8th Cir. 1977).

A defendant who seeks severance under Rule 14 must show "real prejudice." Davis, 534 F.3d at 916. "Real prejudice" consists in showing (1) that the moving defendant's defense "is irreconcilable with that of his co-defendant or (2) the jury will be unable to compartmentalize the evidence as it

5

relates to the separate defendants." Id. at 916-917 (quoting United States v. Mickelson, 378 F.3d 810, 817-818 (8th Cir. 2004)).

"Severance is not required merely because evidence that is admissible only against some defendants may be damaging to others, . . . ." Mickelson, 378 F.3d at 818. "Generally, the risk that a joint trial will prejudice one or more of the defendants 'is best cured by careful and thorough jury instructions.' " Davis, 534 F.3d at 916-917 (quoting Mickelson, 378 F.3d at 818; and citing Zafiro, 506 U.S. at 537).

The primary argument in this case in favor of severance appears to be the argument that the accumulation of evidence if both defendants are tried together will make it more likely that each will be convicted. In United States v. Delpit, seven defendants were tried together on, *inter alia*, drug conspiracy charges, which did not apply as to one defendant, and a murder-for-hire charge that did not apply to two of the defendants. United States v. Delpit, 94 F.3d 1134, 1142-1143 (8th Cir. 1996). The court held that trial of the two defendants who were not involved in the murder-for-hire scheme along with the defendants who were involved in the scheme was not an abuse of discretion. Id. The court observed that, "[i]t doesn't matter that Larry Thomas and Jai Jones had nothing to do with the murder-for-hire plot, or that Delpit was not indicted for the drug conspiracy. . . . when violence is part of the conspiracy's *modus operandi*, 'charges stemming from that violence are properly joined with

6

the conspiracy charges, even if not all members of the conspiracy participated in the violence.'" Id. at 1143. The Delpit court specifically rejected the argument of one self-described "minor player" defendant that he was prejudiced by the "spillover taint of the murder-for-hire charges" which did not pertain to him. Id.

In United States v. Jones, 880 F.2d 55 (8th Cir. 1989), the Eighth Circuit decided the propriety of a joint trial of multiple defendants who were all charged with participating in the same drug distribution conspiracy. Id. at 62. The court, citing the proposition that co-conspirators should in the usual case be tried together, held that no error had occurred. Id. at 62-64. Specifically, the court found that joinder under Rule 8(b) was proper, and that defendants had not successfully shown that any real prejudice occurred due to being tried together. Id.

Under the Jones and Delpit cases, neither Mr. Hazelrigg nor Mr. Romanyshyn have presented sufficient argument or authorities to grant severance on the basis of accumulation of evidence.

The defendants also argue that no "credible" evidence exists that will show that both defendants conspired together to commit a crime. Motions to sever, as stated above, are decided on the basis of the face of the indictment. This court is not authorized to weigh evidence and decide matters of credibility en route to deciding a motion to sever. In any event, neither defendant has

informed the court what the "incredible" evidence is that links them, or why that evidence is not creditable.

Both defendants state that, if they are tried separately, they will each testify in the other's trial that, to their knowledge, the other was not involved in the drug conspiracy. The court finds this assertion speculative. Certainly, if severance was granted and Mr. Hazelrigg's trial took place first, Mr. Romanyshyn would face the same difficult choice about whether to take the witness stand as he would if it were his own trial because of the possibility of self-incrimination on as-yet unresolved criminal charges: i.e. in order to testify that one has no knowledge of another's lack of participation in a drug conspiracy, one would first have to establish that one was familiar enough with that drug conspiracy to be able to testify "he was not a member." This would tend to incriminate the person so testifying. If Romanyshyn's trial took place first, Hazelrigg would be on the horns of the same dilemma. Therefore, even if severance were granted, there is a very real possibility that neither defendant would help the other out by testifying at their respective trials in any event.

The Mickelson case supports a finding that severance is inappropriate in this case. The defendant in that case asserted that his co-defendant would testify if their trials were severed. Mickelson, 378 F.3d at 818. The court noted that, before severance could be granted, the defendant must show that his co-defendant's testimony would be "substantially exculpatory." Id. In that case,

8

the co-defendant agreed that, if he were called to testify, he would state that "there was no conspiracy or agreement of any kind to manufacture methamphetamine." Id.  The Eighth Circuit concluded that this testimony was not "substantially exculpatory" because it was merely a legal conclusion without facts to support it.  Id.

The proffered testimony of Mr. Romanyshyn and Mr. Hazelrigg in the present case is on a similar plane.  They each offer up the conclusory statements that, "to his knowledge," the other did not participate in a conspiracy to distribute methamphetamine  Even if this testimony were given, it is not "substantially exculpatory." Mikelson, 378 F.3d at 818.  As the government points out in its responsive brief, the law of criminal conspiracies is such that the government need not prove that each participant in the conspiracy knew of each other, or knew of all the actions of each other, in order to be found guilty of participating in the conspiracy.  The court will not grant severance on the possibility that each defendant would present such beneficial testimony at the other's trial if the trial was separate.

The defendants raise the specter of Bruton v. United States, 391 U.S. 123 (1968), without articulating any facts in support of a Bruton argument.  The holding in Bruton is that when a statement of "Defendant Number One," a non-testifying defendant, is entered into evidence at a joint trial, and that out-of-court statement of Defendant One also implicates "Defendant Number Two,"

9

the confrontation rights of Defendant Two are violated because he has no opportunity to confront and cross-examine Defendant One about the statement.  Id. at 136-37.  Neither defendant identifies an out of court statement made by either of them that might be admitted at trial and would implicate the other.  Indeed, given each defendant's offer to testify that he had no knowledge of the other's participation in the drug conspiracy, it would seem impossible that there might be a statement out there incriminating the other defendant.  Without proper support and explanation of the Bruton argument, the court denies severance on this ground.

Similarly, the defendants argue that "if" the other's defense is to blame him at trial, then they will be presenting mutually antagonistic defenses.  Again, this is speculative, because neither defendant informs the court what his defense at trial is going to be.  However, given each defendant's offer to testify that neither knew of the other's participation in the conspiracy, the court is left to wonder how a defense that blames the other could be presented.  Severance will not be granted on this ground.

Once the court concludes that joinder of defendants is proper under Rule 8(b), a defendant has a "heavy burden" to demonstrate that severance is necessary under Rule 14 because he cannot otherwise obtain a fair trial.  United States v. Flores, 362 F.3d 1030, 1039-40 (8th Cir. 2004); United States v. Warfield, 97 F.3d 1014, 1019 (8th Cir. 1996).  The movant must demonstrate

severe or compelling prejudice. Flores, 362 F.3d at 1039 (citing United States v. Pherigo, 327 F.3d 690, 693 (8th Cir.), cert. denied, 539 U.S. 969 (2003)). The court finds that neither defendant has carried this "heavy burden." The court accordingly denies both motions to sever.

## CONCLUSION

Good cause appearing, it is hereby

ORDERED that Kent Hazelrigg's motion for severance [Docket No. 239] is denied. It is further

ORDERED that Curt Romanyshyn's motion for severance [Docket No. 271] is denied.

## NOTICE OF RIGHT TO APPEAL

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. See Fed. R. Crim. P. 59(a). The parties have ten (10) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. See Fed. R. Crim. P. 58(g)(2), 59. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Fed. R. Crim. P. 59(a).

Objections must be timely and specific in order to require review by the district court.

Dated September 9, 2009.

BY THE COURT:

/s/ *Veronica L. Duffy*
VERONICA L. DUFFY
UNITED STATES MAGISTRATE JUDGE