UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 08-50062-KES |
| Plaintiff, | ) | |
| vs. | ) | ORDER DENYING |
| | ) | MOTIONS TO DISMISS COUNT I OF |
| CURT ROMANYSHYN | ) | SUPERSEDING INDICTMENT |
| a/k/a Constantine Romanyshyn and | ) | |
| KENT HAZELRIGG, | ) | |
| Defendants. | ) | |

On May 19, 2009, defendants Curt Romanyshyn and Kent Hazelrigg (defendants) were named in a multi-count superseding indictment and charged with various drug-related offenses, including conspiracy and distribution. Defendants move to dismiss Count I in the superseding indictment on the basis that the charge is not supported by sufficient evidence. The government resists defendants' motions.

I.  **Review of Superseding Indictment For Sufficient Evidence**

Defendants argue that the superseding indictment must be supported by probable cause and that there was insufficient evidence to support a finding of probable cause by the grand jury. In United States v. Nelson, 165 F.3d 1180 (8th Cir. 1999), however, the Eighth Circuit Court of Appeals recognized that the argument that "there was insufficient evidence from which the grand jury could have found probable cause" was "without merit" because "it has long been settled that an indictment is not open to challenge on the ground that there was inadequate or insufficient evidence before the grand jury." Id. at 1182 (citing Costello v. United States, 350 U.S. 359, 262-64 (1956); United States v. Cady,

567 F.2d 771, 776 (8th Cir. 1977)); see also United States v. Bender, 2003 WL 282184 at *1 (S.D.N.Y. Feb. 7, 2003) (stating that the defendant's "argument that the evidence against her is insufficient or fabricated is premature" and that "[t]he charging instrument need only provide adequate notice of the offense charged; any factual assertions must be tested at trial, not by means of a pretrial motion" (citing United States v. Alfonso, 143 F.3d 772, 776-77 (2d Cir. 1998)).

Moreover, the Supreme Court recognized long ago that "the finding of an indictment, fair upon its face, by a properly constituted grand jury, **conclusively determines the existence of probable cause** for the purpose of holding the accused to answer." Ex parte United States, 287 U.S. 241, 250 (1932) (Emphasis added); see also Gerstein v. Pugh, 420 U.S. 103, 118 n.19 (1975) (recognizing the Supreme Court's decision in Ex parte United States). For these reasons, defendants' motions to dismiss Count I of the superseding indictment on the basis of insufficient evidence are denied.

Accordingly, it is hereby

ORDERED that defendants' motions to dismiss (Docket 275 and Docket 276) are denied.

Dated September 16, 2009.

                BY THE COURT:

                /s/ *Karen E. Schreier*
                KAREN E. SCHREIER
                CHIEF JUDGE